ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| TAVARIS SAMUELS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 113-078 |
| ) | |
| Warden WILLIAM DUNFERHL,[1] ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate incarcerated at Hays State Prison in Trion, Georgia, submitted a filing to the Northern District of Georgia which was docketed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In the filing, titled Notice to Appeal to Fed. District Court, Petitioner states that he wishes to "appeal the denial of Supreme Court of GA in application for certificate of probable cause on denial of habeas corpus in Superior Court of Baldwin County, Milledgeville, GA." (Doc. no. 1, p. 1). While the filing was docketed as a petition under § 2254, Petitioner did not state any grounds for relief or any facts concerning his underlying conviction or sentence. (See id.) Because Petitioner was

---

[1] While the instant filing is difficult to read, Petitioner appears to name "William Danforth" as Respondent in this action, (see doc. No. 1, p. 1), rather than "William Dunferhl," as it was entered on the docket before this case was transferred. In any event, the Court notes that the proper respondent in a § 2254 case would be Clay Tatum, the warden at Petitioner's current place of confinement, Hays State Prison. See Rule 2(a) of the Rules Governing Section 2254 Cases. However, as the Court has concluded that the instant case is due to be dismissed for the reasons discussed infra, it need not substitute or take any other with respect to the respondent in this case.

convicted in Richmond County, Georgia, however, the case was transferred to this District by the Honorable Walter E. Johnson, United States Magistrate Judge, in accordance with the policy and practice of the federal courts in all three districts to transfer actions attacking state convictions to the district in which the original criminal proceedings were conducted. (Doc. no. 2.)

Shortly after he filed this case, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the Northern District, and a new case was opened. See Samuels v. Danforth, 4:13-CV-121-HLM-WEJ, doc. no. 1 (N.D. Ga. May 17, 2013). Unlike the filing in the instant case, Petitioner's § 2254 petition in Danforth describes the convictions under attack and his grounds for relief, as well as his previous attempts to seek direct and collateral review in the Georgia courts. See generally id. Moreover, Petitioner submitted a motion to proceed IFP in Danforth. See id., doc. no. 2. Danforth was also transferred to this District by Judge Johnson and is pending here as civil action number CV 113-084. See id., doc. no. 3.

As noted above, Petitioner's filing in the instant case fails to provide any of the information required in a § 2254 petition, including his grounds for relief and the facts supporting each ground. See Rule 2 of the Rules Governing Section 2254 Cases. Petitioner also failed to submit the $5.00 filing fee or a motion to proceed *in forma pauperis* ("IFP"). See Loc. R. 4.1 (providing that commencement of a civil action requires, among other things, presentation of the original complaint and the appropriate filing fee, or the original complaint and an IFP motion); see also 28 U.S.C. § 1914(a) (providing that the filing fee for a habeas corpus action is $5.00). It is unnecessary to require Petitioner to correct these deficiencies,

2

however, because it is apparent that the instant case was merely a false start by Petitioner at commencing a § 2254 action, which he has now properly done by filing a petition and IFP motion in the pending Danforth case, CV 113-084.

Accordingly, the Court **REPORTS** and **RECOMMENDS** that the District Judge **DISMISS** and **CLOSE** this civil action. Should the District Judge adopt the Court's recommendation, Petitioner is instructed that, in the future, when filing any documents related to his § 2254 habeas case in this District, he should caption such documents with case number "CV 113-084."

SO REPORTED and RECOMMENDED this 14th day of June, 2013, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE